

UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Case No. 20-cr-184 (PJS/BRT)

UNITED STATES OF AMERICA,

        Plaintiff,

v.

ANDREW ALBERT COMEAUX,

        Defendant.

**PLEA AGREEMENT AND SENTENCING STIPULATIONS**

The United States of America and Andrew Albert Comeaux (hereinafter, the "Defendant") agree to resolve this case on the terms and conditions that follow. This plea agreement binds only the Defendant and the United States Attorney's Office for the District of Minnesota. This agreement does not bind any other United States Attorney's Office or any other federal or state agency.

1.    **Charges**. The Defendant voluntarily agrees to plead guilty to Count 1 of the Indictment, which charges the Defendant with being a Felon in Possession of a Firearm, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a).

2.    **Factual Basis**. By pleading guilty, the Defendant admits the following facts are true and further admits that, were this matter to go to trial, the United States would prove these facts beyond a reasonable doubt:

    a.    At all relevant times, the Defendant resided in the State and District of Minnesota. The conduct described herein took place in the State and District of Minnesota.

    b.    Prior to June 15, 2020, the Defendant had been convicted of the following felony offenses:



      i. March 2007 – Fleeing Police in a Motor Vehicle (Blue Earth County, MN)

      ii. May 2007 – 5th Degree Possession of Drugs (Blue Earth County, MN)

      iii. May 2015 – 5th Degree Possession of Drugs (Blue Earth County, MN)

      iv. June 2016 – 2nd Degree Assault and 2nd Degree Assault with Substantial Bodily Injury (Le Sueur County, MN)

c. Prior to June 15, 2020, the Defendant knew that he had been convicted of numerous crimes that were punishable by more than one year in prison.

d. On or about June 15, 2020, the Defendant knowingly possessed the following firearms: (1) a Mossberg, Model 702 Plinkster .22 caliber rifle bearing the serial number EMD3716945; and (2) a Mosin-Nagant 7.62x54R caliber rifle, bearing the serial number VB2054. The Defendant agrees that each of these weapons was manufactured outside of the State of Minnesota, and had therefore traveled in interstate or foreign commerce.

e. In addition, on or about June 15, 2020, the Defendant knowingly possessed: (1) an AR-15 style pistol (a firearm), bearing no serial number, with an attached large capacity magazine (i.e., capable of holding more than 30 or more rounds of ammunition); and, (2) a home-made suppressor/silencer, as those terms are defined in the relevant federal firearms statutes, which was not registered as required by federal law.

3. **Waiver of Pretrial Motions**. The Defendant understands and agrees that he has certain rights to file pre-trial motions in this case. As part of this Agreement, and based upon the concessions of the United States, the Defendant knowingly, willingly, and voluntarily gives up the right to file any such motions, or further litigate the motions he previously filed.

4. **Waiver of Constitutional Trial Rights.** The Defendant understands that he has the right to plead not guilty and go to trial. At trial, the Defendant would be presumed innocent, have the right to a jury trial or, in certain circumstances, to trial by the Court, the right to the assistance of counsel, the right to confront and cross-examine adverse witnesses, the right to subpoena witnesses to testify for the defense, the right to testify and present evidence, and the right to be protected from compelled self-incrimination. By pleading guilty, the Defendant knowingly, willingly, and voluntarily waives each of these rights, except the right to counsel. The Defendant understands that by pleading guilty, he is admitting his guilt, and, if the Court accepts the guilty plea, the Defendant will be adjudged guilty without a trial.

5. **Collateral Consequences.** The Defendant understands that as a result of his conviction, he could be assessed the costs of prosecution and experience additional consequences, such as the loss of the right to carry firearms, the right to vote, the right to hold public office, and the eligibility for federal benefits.

6. **Statutory Penalties.** The parties agree that Count 1 of the Indictment carries the following statutory penalties:

   a. a maximum of 10 years' imprisonment;

   b. a supervised release term of up to 3 years;

   c. a fine of up to $250,000; and,

   d. a mandatory special assessment of $100.

7. **Guidelines Calculations.** The parties acknowledge that the Defendant will be sentenced in accordance with 18 U.S.C. § 3551, *et seq.* Nothing in

this plea agreement should be construed to limit the parties from presenting any and all relevant evidence to the Court at sentencing. The parties also acknowledge that the Court will consider the United States Sentencing Guidelines in determining the appropriate sentence and stipulate to the following guideline calculations:

    a.    Base Offense Level. The parties agree that the base offense level is 22 because the offense involved a semi-automatic firearm with a large capacity magazine, an unregistered suppressor, and the Defendant had one prior conviction for a crime of violence. U.S.S.G. § 2K2.1(a)(3).

    b.    Specific Offense Characteristics. The parties **agree that a 2-level enhancement** applies because the Defendant possessed four firearms. U.S.S.G. § 2K2.1(b)(1)(A).

            The parties **disagree** whether a **4-level enhancement** applies because the Defendant's possession of the firearms was in connection with another felony offense, specifically, narcotics distribution. U.S.S.G. § 2K2.1(b)(6)(B). The Government believes this enhancement applies, while the Defendant believes it does not.

            The parties **agree** that no other Chapter 2 enhancements apply.

    c.    Chapter 3 Adjustments. Other than acceptance of responsibility, discussed below, the parties agree that no Chapter 3 Adjustments apply to this matter. U.S.S.G § 2K2.1(b)(6).

    d.    Acceptance of Responsibility. The Government agrees to recommend that the Defendant receive a **3-level reduction** for acceptance of responsibility and to make any appropriate motions with the Court. However, the Defendant understands and agrees that this recommendation is conditioned upon the following: (i) the Defendant testifies truthfully during the change of plea and sentencing hearings, (ii) the Defendant provides complete and truthful information to the Probation Office in the pre-sentence investigation, and (iii) the Defendant commits no further acts inconsistent with acceptance of responsibility. U.S.S.G. § 3E1.1.

4

The Defendant's total adjusted offense level is either <u>25</u> (22 + 2 + 4 - 3 = 25) or <u>21</u> (22 + 2 - 3 = 21).

 e. <u>Criminal History Category</u>. The parties believe that, at the time of sentencing, the Defendant falls into criminal history category IV. This does not constitute a stipulation, but a belief based on an assessment of the information currently known. U.S.S.G. § 4A1.1. The Defendant's actual criminal history and related status (which could impact the Guidelines' advisory range of imprisonment) will be determined by the Court based on the information contained in the Presentence Report and by the parties at the time of sentencing. If the Defendant's criminal history category is something other than IV this is <u>**not**</u> a basis for either party to withdraw from this Plea Agreement.

 f. <u>Guidelines Range</u>. If the adjusted offense level is 25, and the criminal history category is IV, the advisory Guidelines range is 84–105 months of imprisonment. If the adjusted offense level is 21 and the criminal history category is IV, the advisory Guidelines range is 57–71 months of imprisonment.

 g. <u>Fine Range</u>. If the adjusted offense level is 25, the fine range is $20,000 to $200,000. U.S.S.G. § 5E1.2(c)(3). If the adjusted offense level is 21, the fine range is $15,000 to $150,000. *Id.*

 h. <u>Supervised Release</u>. The Sentencing Guidelines require a term of supervised release of between one and three years. U.S.S.G. § 5D1.2(a)(2).

8. <u>**Sentencing Advocacy Agreements and Limitations**</u>. When advocating to the Court regarding the Defendant's sentence, the parties agree as follows:

 a. Based on information known to the United States at the entry of this Agreement, and assuming that between the time of this Agreement and sentencing the Defendant does not engage in any conduct inconsistent with his acceptance of responsible (as determined within the sole discretion of the United States), the United States intends to argue for a sentence within the applicable Guidelines range.

    b.    The Defendant may move for a downward departure and/or variance and the United States reserves the right to oppose such a motion.

    c.    The parties agree to jointly recommend that the Court impose a three year term of supervised release that, in addition to the standard conditions of supervised release, will include the following special conditions: (1) that the Defendant submit to periodic, random drug testing; (2) that the Defendant participate in substance abuse counseling; and (3) that the Defendant participate in mental health treatment and follow the directives of his mental healthcare provider.

9.    **Revocation of Supervised Release.**  The Defendant understands that if he violates any condition of supervised release, he could be sentenced to an additional term of imprisonment up to the length of the original term of supervised release, subject to the statutory maximums set forth in 18 U.S.C. § 3583.

10.    **Discretion of the Court.** The foregoing stipulations and agreements are binding on the parties, but do not bind the Court. The parties understand that the Sentencing Guidelines are advisory and their application is a matter that falls solely within the Court's discretion. The Court may make its own determination regarding the applicable Guidelines factors and the Defendant's criminal history category. The Court may also depart and/or vary from the applicable Guidelines range. If the Court determines that the applicable Guidelines calculations or the Defendant's criminal history category are different from that stated above, the parties may not withdraw from this Agreement, and the Defendant will be sentenced pursuant to the Court's determinations.

11.    **Special Assessment.** The Guidelines require payment of a special assessment in the amount of $100.00 for each felony count of which he is convicted.

U.S.S.G. § 5E1.3. The Defendant agrees to pay the special assessment, which is due and payable upon sentencing.

12. **Restitution**. The Defendant understands and agrees that 18 U.S.C. § 3663 allows the Court to order that he make restitution to any victim of his crimes, even if not related to the count of conviction. The Defendant further understands that if any victim submits a claim for restitution that relates to his crimes, the United States will advocate that the Court impose a restitution order on the Defendant in the amount of the victim's request that is properly attributable to his crimes. The Defendant agrees that he can be ordered to pay restitution to his victims in an amount determined by the Court.

13. **Forfeiture**. The Defendant agrees to forfeit to the United States, pursuant to 18 U.S.C. § 924(d)(1) and 28 U.S.C. § 2461(c), any firearms, accessories, and ammunition involved in or used in connection with the count of conviction, including, but not limited to, the firearms, accessories, and ammunition seized from 5200 263rd Street East, in Faribault, Minnesota, on June 15 and 16, 2020. This includes, but is not limited to: (1) a Mossberg, Model 702 Plinkster .22 caliber rifle bearing the serial number EMD3716945; (2) a Mosin-Nagant 7.62x54R caliber rifle, bearing the serial number VB2054; (3) an AR-15 style pistol, bearing no serial number; and, (4) a home-made suppressor/silencer with no serial number. The United States reserves its right to seek a money judgment forfeiture, to forfeit substitute assets, and to forfeit any additional directly forfeitable property.

14. **Waiver of Collateral Attack**. The Defendant understands that he has the right to petition under 28 U.S.C. § 2255. Acknowledging this right, and in exchange for concessions made by the United States in this Agreement, the Defendant expressly waives the right to petition under 28 U.S.C. § 2255, except for a petition solely regarding ineffective assistance of counsel, or in the case where a change in the law (which is retroactively applicable) would affect the length of his sentence. The Defendant has discussed these rights with his attorney. The Defendant understands the rights being waived, and he waives these rights knowingly, intelligently, and voluntarily.

15. **FOIA Waiver**. The Defendant knowingly, willingly, and voluntarily waives all rights to obtain, directly or through others, information about the investigation and prosecution of this case under the Freedom of Information Act and the Privacy Act of 1974, 5 U.S.C. §§ 552, 552A.

16. **Complete Agreement**. This, and any agreements signed by the parties before entry of the plea, is the entire agreement and understanding between the United States and the Defendant. Other than this Agreement, the Defendant acknowledges that no threats, promises, or representations have caused him to plead guilty. The Defendant has read this Agreement and carefully reviewed each provision with his attorney. The Defendant further acknowledges that he understands and voluntarily accepts each term and condition of this Agreement.

ERICA H. MacDONALD
United States Attorney

Date: 1/25/21

ALEXANDER D. CHIQUOINE
Assistant United States Attorney

Date: 1-19-21

ANDREW ALBERT COMEAUX
Defendant

Date: 1/25/2021

JORDAN S. KUSHNER, ESQ.
Counsel for Andrew Albert Comeaux

9